**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Sandra Falck, | Court file no. _____ (\_\_\_\_/\_\_\_\_) |
| Plaintiff, | |
| v. | **Complaint** |
| Cottrell Law Firm, P.A., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

## Parties

4. Plaintiff Sandra Falck is a natural person who resides in Shoreview, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Cottrell Law Firm is a Minnesota corporation and law firm with its mailing address at 2315 Waters Drive, Mendota Heights, Minnesota 55120. Cottrell Law Firm is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

### *Background*

6. Falck received collection communications from Defendant in an attempt to collect a debt from her that is a "debt" as defined by 15 U.S.C. § 1692a(5) ("the debt").

7. These communications were in violation of the FDCPA.

### *Ramsey County Litigation*

8. On September 4, 2009, Defendant sued Falck on behalf of Wells Fargo in Ramsey County District Court.

9. Falck answered the Complaint on September 22, 2009.

10. Defendant and Falck entered into settlement negotiations in October, 2009.

*Defendant's Illegal Collection Efforts*

11. On November 13, 2009, Cottrell confirmed via e-mail that Wells Fargo would settle its claims for $10,000 "and an additional $2,649" to be paid by March 31, 2010.

12. Falck sent Defendant a cashier's check for $10,000 the week of November 30, 2009.

13. In a letter dated April 7, 2010, Wells Fargo stated that as of December 23, 2009, the account was "settled in full."

14. Despite the fact that Wells Fargo considered Falck's account settled in full as of December 23, 2009, Cottrell continued to try to collect $2,649 from her.

15. In a letter dated February 23, 2010, Rebecca Ralston, a paralegal for Cottrell, demanded the $2,649.65.

16. Cottrell's statements that Wells Fargo sought an additional $2,649 was false and deceptive in violation of 15 U.S.C. §§ 1692e and e(10), and unfair in violation of 15 U.S.C. §§ 1692f and f(1).

*Summary*

17. The above-detailed conduct by Defendant in an effort to collect the debt represents violation of multiple provisions of the FDCPA, including, but not limited to, the provisions enumerated in the preceding paragraphs.

18. Falck has suffered actual damages as a result of Defendant's illegal conduct in the form of emotional distress, stress, fear of answering her telephone, embarrassment, and other negative emotions.

## Trial by Jury

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692-1692p

20. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

21. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

22. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendant for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. actual damages for the emotional distress suffered as a result of the invasions of Plaintiff's privacy in an amount to be determined at trial; and

e. such other and further relief as this Court determines just and proper.

**The Glover Law Firm, LLC**

Date: May 5, 2010

*s/Samuel J. Glover*
Samuel J. Glover (#327852)
Randall P. Ryder (#389957)
125 Main Street SE, #250
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.1947
e-mail • email@theglf.com

Attorneys for Plaintiff

## Verification

**Sandra Falck**, being duly sworn on oath, deposes and says that she is the Plaintiff in this action; that she makes this verification on her own behalf and under penalty of perjury, being duly authorized to do so; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true; that the grounds for her knowledge and belief is information derived from her books and records, or written instruments in her possession.

Date: 5/5/10

Sandra Falck

Subscribed and sworn to before me this 5th day of May, 2010.

Notary Public

SAMUEL J. GLOVER
Notary Public-Minnesota
My Commission Expires Jan 31, 2013